UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON ADAMS,

    Plaintiff,

v.

STEPHANIE INGRAM, LISA KREBS and
DR. VENERIO M. SANTOS,

    Defendants.

Case No. 12-cv-162-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Aaron Adams' objection (Doc. 64) to the portions of the July 8, 2014, order of Magistrate Judge Stephen C. Williams (Doc. 61) denying Adams' motions for leave to amend his complaint (Doc. 52 & 54), denying his motion for monetary sanctions as a discovery sanction (Doc. 53), and extending the time to file discovery (Doc. 59).

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

### I.    Motion for Monetary Sanctions (Doc. 53)

Adams asked the Court to impose monetary sanctions on the defendants for their failure to respond to his discovery requests in a timely manner. Magistrate Judge Williams found the defendants had not responded to Adams' discovery requests in a timely manner and that Adams was prejudiced by that delay. As a sanction, he deemed objections to the requests waived. He

also ordered the defendants to respond and extended the deadline for Adams to submit additional discovery requests, but declined to issue monetary sanctions.

Pursuant to Federal Rule of Civil Procedure 37(d), the Court may impose a variety of sanction for a party's failure to respond to discovery requests.  The Court has broad discretion in deciding the appropriate sanction for a discovery violation.  *Hunt v. DaVita*, 680 F.3d 775, 780 (7th Cir.2012).

Magistrate Judge Williams' selection of discovery sanctions to impose on the defendant was an appropriate use of discretion and was not clearly erroneous or contrary to law.  While the defendants had failed to respond to discovery requests, Magistrate Judge Williams took action to ensure those requests were eventually made and that any prejudice caused by their delay was cured by extending the discovery deadline.  It was not an abuse of discretion to decline to impose monetary sanctions as well.

**II.     Motion to Extend Discovery (Doc. 59)**

Adams asks the Court to extend the time to complete discovery in light of the defendants' failure to respond to his discovery requests.  As noted above, Magistrate Judge Williams extended the deadline for Adams to propound discovery requests until August 1, 2014, more than three weeks after Magistrate Williams' order and two weeks after the defendants were required to respond to Adams unanswered discovery requests.  Adams complains that this was not enough time to prepare additional requests and asks for 180 days to propound additional discovery.  Nevertheless, he was able to prepare requests for admissions to two defendants.

The Court find Magistrate Judge Williams did not abuse his discretion in extending discovery as he did.  In the circumstance of this case, the time allowed was sufficient to allow

Adams to review the defendants' responses and to formulate additional discovery requests, while at the same time recognizing the need to move this case along toward a resolution. Accordingly, Magistrate Judge William's decision was not clearly erroneous or contrary to law.

### III. Motion to Amend Complaint (Docs. 52 & 54)

Adams asked the Court for leave to file a second amended complaint, which he has been wanting to file since at least December 2013. He wants to add new instances of objectionable conduct that occurred after the events in the first amended complaint. While he asked for the defendants' consent to file the amended pleading earlier, he did not approach the Court with the request until April 2014. Magistrate Judge Williams denied the request on the grounds that the deadline for amending the complaint had passed and discovery was about to close.

Because the time for amendment as a matter of right has passed, whether the plaintiff should be allowed to amend his complaint is governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which the plaintiff has not obtained, or leave of court, which the Court should freely give when justice requires. Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th

Cir. 2007)).

The Court has reviewed the proposed second amended complaint and compared it with the first amended complaint.  The proposed second amended complaint is more than twice as long as the first and adds ten new counts to the original three and three new defendants.  Some of the new counts allege events that happened at Stateville Correctional Center, whereas the events in his first amended complaint occurred at Centralia Correctional Center, or involve completely separate events that occurred at Stateville during a different, later period of incarceration.  Additionally, the proposed second amended complaint does not underline new matters as required by Local Rule 15.1.  Clearly, allowing the case to be opened up so broadly late in the discovery process would cause undue delay in the resolution of this case, especially where Adams is free to exhaust his remedies about the new alleged events and file a new lawsuit based on those events.  Magistrate Judge Williams' decision not to allow the second amended complaint was not clearly erroneous or contrary to law.

For the foregoing reasons, the Court **AFFIRMS** Magistrate Judge Williams' July 8, 2014, order (Doc. 61) and **OVERRULES** Adams' objection (Doc. 64).  The Court further **DENIES** Adams' motion to stay his responses to the defendants' summary judgment motions (Doc. 74) and **ORDERS** that Adams shall have up to and including November 21, 2014, to respond

**IT IS SO ORDERED.**
**DATED: October 22, 2014**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**